IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

2009 MAR 25  PM 1:02

JOAN M. GILMER
CIRCUIT CLERK

BONNIE HARGIS, )
)
      Plaintiff, )
)
vs. ) Case No. 09SL-00775
)
ACCESS CAPITAL FUNDING, LLC; and ) Division 20
WEBSTER BANK, N.A. )
)
      Defendants. )

## MEMORANDUM FOR CLERK

Please file:

    Return of Service of Summons and Petition on Webster Bank, NA on March 19, 2009.

Dated this 23rd day of March, 2009.

_____
CHRISTIAN G. MONTROY #57121
ATTORNEY FOR PLAINTIFFS
412 MISSOURI AVENUE
EAST ST. LOUIS, IL 62201
618/274-0434; FAX: 618/274-8369


EXHIBIT
A



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>COLLEEN DOLAN | Case Number: 09SL-CC00775 | |
|---|---|---|
| Plaintiff/Petitioner:<br>BONNIE HARGIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTIAN GERHARD MONTROY<br>412 MISSOURI AVE<br>EAST ST LOUIS, IL 62201 | 2009 MAR 25 PM 1:02<br><br>JOAN M. GILMER<br>CIRCUIT CLERK |
| Defendant/Respondent:<br>ACCESS CAPITAL FUNDING LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **WEBSTER BANK NA**
Alias:
**145 BANK STREET**
**WATERBURY, CT 06702**              SERVE: JAMES C. SMITH

*COURT SEAL OF*
*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

09-MAR-2009
Date                                                                                   /Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   - [ ] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [x] other (describe) by leaving with and within the hand of Frederick F. Erikson-Senior Vice President

Served at Webster Bank, 145 Bank St. (address)
in Waterbury, CT County, New Haven, C (state), on March 16, 2009 (date) at _____ (time).
Kenneth J. Capaldo - State Marshal
Printed Name of Sheriff or Server                                   Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year).
I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ ( _____ miles @ $ _____ per mile) |
| Total | $ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>COLLEEN DOLAN | Case Number: 09SL-CC00775 | |
|---|---|---|
| Plaintiff/Petitioner:<br>BONNIE HARGIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTIAN GERHARD MONTROY<br>412 MISSOURI AVE<br>EAST ST LOUIS, IL 62201 | |
| Defendant/Respondent:<br>ACCESS CAPITAL FUNDING LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: ACCESS CAPITAL FUNDING LLC
    Alias:
14366 SOUTH OUTER FORTY      SERVE: PATRICK AGNEW
CHESTERFIELD, MO 63017            REGISTERED AGENT

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-MAR-2009
    Date                                         Clerk

*ST. LOUIS COUNTY*       Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _Patrick Agnew_ (name) _R/A_ (title).
☐ other _____.
Served at _14366 S-Outer 40  63017_ (address)
in _St Louis_ (County/City of St. Louis), MO, on _3-10-09_ (date) at _1125_ (time).
_Jim Buckles_                                _R Trautwein_
Printed Name of Sheriff or Server            Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
(Seal)  Subscribed and sworn to before me on _____ (date).

My commission expires: _____  _____
                          Date              Notary Public

Sheriff's Fees, if applicable
Summons            $ 20
Non Est            $ ___
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage            $ ___ ( ___ miles @ $ ___ per mile)
Total              $ 30

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

MAR 10 2009



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>COLLEEN DOLAN | Case Number: 09SL-CC00775 |
|---|---|
| Plaintiff/Petitioner:<br>BONNIE HARGIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTIAN GERHARD MONTROY<br>412 MISSOURI AVE<br>EAST ST LOUIS, IL  62201 |
| Defendant/Respondent:<br>ACCESS CAPITAL FUNDING LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:** WEBSTER BANK NA
Alias:
145 BANK STREET          SERVE:  JAMES C. SMITH
WATERBURY, CT  06702

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

09-MAR-2009
Date                                                                                        _____
Further Information:                                                                Clerk

ST. LOUIS COUNTY

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other (describe) _____ .

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)     ☐ the clerk of the court of which affiant is an officer.
                                  ☐ the judge of the court of which affiant is an officer.
                                  ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                                        (use for out-of-state officer)
                                  ☐ authorized to administer oaths.  (use for court-appointed server)

(Seal)

_____
Signature and Title

**Service Fees, if applicable**
Summons     $_____
Non Est          $_____
Mileage         $_____ ( _____ miles @ $ _____ per mile)
Total              $_____

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>COLLEEN DOLAN | Case Number: 09SL-CC00775 | |
|---|---|---|
| Plaintiff/Petitioner:<br>BONNIE HARGIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTIAN GERHARD MONTROY<br>412 MISSOURI AVE<br>EAST ST LOUIS, IL 62201 | |
| Defendant/Respondent:<br>ACCESS CAPITAL FUNDING LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: ACCESS CAPITAL FUNDING LLC
Alias:

14366 SOUTH OUTER FORTY
CHESTERFIELD, MO 63017

SERVE: PATRICK AGNEW
REGISTERED AGENT

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-MAR-2009
Date

_____
Clerk

**ST. LOUIS COUNTY**

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____    _____
                          Date            Notary Public

**Sheriff's Fees, if applicable**
Summons                     $_____
Non Est                     $_____
Sheriff's Deputy Salary
Supplemental Surcharge      $   10.00
Mileage                     $_____ (____ miles @ $._____ per mile)
Total                       $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# CHRISTIAN G. MONTROY
### ATTORNEY AT LAW

09SL-CC00775

CHRISTIAN G. MONTROY
cmontroy@montroylaw.com

*Licensed in Illinois and Missouri*

412 MISSOURI AVENUE
EAST ST. LOUIS, ILLINOIS 62201-3016
TELEPHONE: (618) 274-0434
TOLL FREE: (800) 333-5297
FAX: (618) 274-8369

February 17, 2009

Clerk of the Circuit Court of the County of St. Louis
7900 Carondelet Avenue
Clayton, MO 63105

    Re:    *Bonnie Hargis v. Access Capital Funding, LLC, et al.*

Dear Sir/Madam:

    Enclosed herewith please find the following:

1. An original and three (3) copies of a Circuit Civil/Associate Civil Filing Information Sheet;

2. An original and three (3) copies of a Petition;

3. Check in amount of $133.00 payable to Circuit Clerk for the filing fee and St. Louis County Sheriff's fee for service upon the defendant located in St. Louis County, MO.

Please file the original Petition and original Circuit Civil/Associate Civil Filing Information Sheet and issue summonses directed to defendants.

Please forward Summons and Petition defendant **Access Capital Funding** and to the Sheriff of St. Louis County, MO for service.

Please return the Summons and Petition directed to defendant **Webster Bank, N.A.** to this office for service out of state.

Please also return a file-stamped copy of the Petition and Circuit Civil/Associate Civil Filing Information Sheet to me for my file.

A self-addressed stamped envelope is enclosed for your convenience in returning the documents.

Thank you for your assistance in this regard.

Very truly yours,

Christian G. Montroy

CGM/emf
Enc.

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| BONNIE HARGIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| ACCESS CAPITAL FUNDING, LLC; and | ) | Division _____ |
| WEBSTER BANK, N.A. | ) | |
| | ) | |
| Defendants. | ) | |

Serve:

ACCESS CAPITAL FUNDING, LLC
Serve: Patrick Agnew, Registered Agent
      14366 South Outer Forty
      Chesterfield, MO 63017

WEBSTER BANK, N.A.,
Serve: James C. Smith
      145 Bank Street
      Waterbury, CT 06702

## CLASS ACTION PETITION

Plaintiff BONNIE HARGIS, by and through her attorney, CHRISTIAN G. MONTROY, brings this action on behalf of herself and those similarly situated against Access Capital Funding, LLC and Webster Bank, N.A., and states as follows:

### INTRODUCTION

1. This action is brought on behalf of Plaintiff and her proposed Class who were illegally charged loan processing fees and administration fees by Defendant in connection with a loan. These fees represented the unauthorized practice of law, and Plaintiff and her class seek to have these fees refunded, as well as restitution and damages provided by law.

### PARTIES

2. Plaintiff Bonnie Hargis is a resident of Barnhart, Missouri, and a citizen of the State of Missouri.

3. Defendant Access Capital Funding is a Missouri corporation with its principal place of business in Chesterfield, Missouri. It is a loan provider.

4.  Defendant Webster Bank, N.A., is a national bank that does business in Missouri, and has its principal place of business in Waterbury, Connecticut.

## FACTS

5.  On or about December 18, 2007, Plaintiff Hargis entered a loan agreement with Defendants to finance her home.

6.  On or about December 18, 2007, Plaintiff was charged a $200.00 "Processing Fee" by Defendant Access Capital Funding, LLC in connection with her home mortgage.

7.  On or about December 18, 2007, Plaintiff was charged a $450.00 "Admin Fee" by Defendant Webster Bank, N.A. in connection with her home mortgage.

8.  The aforementioned fees were illegally charged for the practice of law and/or "law business" as defined by VAMS § 484.020.

## CLASS ALLEGATIONS AND DEFINITION

9.  The preparation and processing of documents to effectuate a loan transaction for a fee is the "practice of law," and is an engagement in the "law business," as those terms are used and defined in Section 4.84.020 R.S.Mo.

10. Plaintiff's class is defined as follows: all persons who, in connection with a loan or refinancing real property, were charged by Defendant a fee for the practice of law, as defined by VAMS § 484.020. This class includes all persons who paid any fee labeled as follows: "document preparation fee," "doc prep fees," "doc prep," "document processing fee," "doc processing fee," "doc fee," "document fee," "processing fee," "customer service processing fee," "customer service fee," "administrative fee," "administration fee," "admin fee," "customer benefit fee," or any fee similar in name. (Hereinafter, these fees are collectively referred to as "Processing Fees.") This Class includes persons who were charged such fees in connection with a loan from Defendants, from any of Defendants' subsidiaries, and from any of Defendants' businesses operating under one of its fictitious names.

11. Excluded from Plaintiffs' Class are: (1) Defendants, their employees, and all persons who have or had a controlling interest in the Defendants' corporations; (2) Defendants' legal representatives, predecessors, successors and assigns; (3) the judge who is assigned to this case

and his immediate family; (4) Plaintiff's attorney and his employees; and, (5) all persons who properly execute and file a timely request for exclusion from the class.

12. Plaintiff's proposed Class is comprised of thousands of Defendants' customers, the joinder of which is impracticable, and the members of the Class are so numerous that it is impractical to bring all of them before the Court in this action. Moreover, the amount of damages suffered individually by each member of the Class is so small as to make lawsuits for its recovery by each individual member of the Class economically unfeasible.

13. Class treatment of the claims asserted herein will provide substantial benefit to both the parties and the court system. A well defined commonality of interests in the questions of law and fact involved affects all Plaintiffs and proposed members of the Class.

14. There are common questions of law and fact applicable to the claims asserted on behalf of the Class. The common questions include:

    (a) Whether Defendants charged Plaintiff's Class a fee for the preparation or processing of documents in connection with a loan;

    (b) Whether the fees that Defendants charged Plaintiff and her Class constituted the illegal practice of law as defined by VAMS § 484.020;

    (c) Whether Plaintiff's Class suffered actual damages as a result of Defendants' violation of VAMS § 484.020;

    (d) Whether Plaintiff's Class' damages were proximately caused by Defendants' violation of VAMS § 484.020;

    (e) Whether Defendants' Processing Fees violated the fraud provisions of the Merchandising Practices Act, VAMS § 407.101, et seq.;

    (f) Whether Plaintiff's Class suffered actual damages as a result of Defendants' violation of VAMS § 407.101, et seq.;

    (g) Whether Plaintiff's Class' damages were proximately caused by Defendants' violation of VAMS § 407.101, et seq.; and,

    (h) Whether members of the Class have a right to recover the illegally charged fees paid to Defendant.

15. These questions of law and fact predominate over any questions affecting only individual members of Plaintiff's class.

16. Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interest antagonistic to those of the Class. Plaintiff has retained competent and experienced counsel in the prosecution of this type of litigation. The questions of law and fact common to the members of the Class, some of which are set out above, predominate over any questions affecting only individual members of the Class.

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because members of the Class number in the thousands and individual joinder is impracticable. The expenses and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually. Trial of Plaintiff's claims is manageable.

18. Unless a class is certified, Defendants will retain monies received as a result of its schemes to collect fees from Plaintiff and her Class. Unless a Class-wide injunction is issued, Defendant will continue to commit violations against Customers.

19. This action is maintainable as a class action pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and pursuant to section 407.025.3 R.S.Mo.

## COUNT I – VIOLATION OF SECTION 484.010, et seq.

20. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein.

21. The Missouri Legislature defined the "practice of law" is defined as "the drawing of papers, pleadings or documents," the "law business" as "the drawing or the procuring of or

assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights" VAMS § 484.010.

22. Missouri statute places the following limitations on the practice of law:

> No person shall engage in the practice of law or do law business, as defined in section 484.010, or both, unless he shall have been duly licensed therefor and while his license therefor is in full force and effect, nor shall any association, partnership, limited liability company or corporation, except a professional corporation organized pursuant to the provisions of chapter 356, RSMo, a limited liability company organized and registered pursuant to the provisions of chapter 347, RSMo, or a limited liability partnership organized or registered pursuant to the provisions of chapter 358, RSMo, engage in the practice of the law or do law business as defined in section 484.010, or both.

VAMS § 484.020.1.

22. Defendants' Processing Fees were charges for the practice of law as defined by VAMS § 484.010.

23. Defendants are not corporations permitted to practice law pursuant to VAMS § 484.020.1.

24. Defendants' Processing Fees proximately caused Plaintiff and her Class to suffer financial injuries.

25. Defendants' conduct in charging Processing Fees was malicious, corrupt, and/or either intentional or reckless to a degree sufficient to support an award of punitive damages against Defendant.

**WHEREFORE,** Plaintiff and her Class pray for the relief requested in the Request for Relief set forth below in this Class Action Petition.

## COUNT II - VIOLATION OF SECTION 407.010. et seq. R.S.Mo.

26. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein.

27. Lending is a service under Section 407.010 *et seq.*

28. Missouri's Merchandising Practices Act prohibits:

> [t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

VAMS § 407.020.

29. Defendants' Processing Fees were deceptions and unfair practices as defined by the Merchandising Practices Act.

30. Defendants' Processing Fees proximately caused Plaintiff and her Class to suffer financial injuries.

31. Defendants' conduct in charging Processing Fees was malicious, corrupt, and/or either intentional or reckless to a degree sufficient to support an award of punitive damages against Defendant.

**WHEREFORE**, Plaintiffs and their Class pray for the relief requested in the Request for Relief set forth below in this Class Action Petition.

## COUNT III - UNJUST ENRICHMENT

32. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein.

33. Defendants have received monies which in equity and good conscience ought to be paid to Plaintiff.

34.     The conduct of Defendants was malicious, corrupt, and intentional and/or reckless to a degree sufficient to support an award of punitive damages against Defendant.

**WHEREFORE**, Plaintiffs and their Class pray for the relief requested in the Request for Relief set forth below in this Amended Class Action Petition.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff and each member of her proposed Class pray for a judgment:

(a) Certifying the Class as requested herein;

(b) Entering an order appointing CHRISTIAN G. MONTROY as lead counsel for the Class;

(c) Awarding Plaintiffs and members of the proposed Class treble damages in the sum of three times the Processing Fees charged;

(d) Awarding restitution to Plaintiff and members of the proposed Class, including any interest paid or to be paid on any illegal fees that were financed by Plaintiff and Class;

(e) Awarding declaratory and injunctive relief as permitted by law or equity including a preliminary and permanent injunction enjoining Defendants from continuing the unlawful practices as set forth herein and directing Defendants to identify, with Court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

(f) Awarding punitive damages in an amount to be determined at trial;

(g) Awarding pre-judgment interest;

(h) Awarding post judgment interest;

(i) Awarding attorneys' fees and costs;

(j) Providing such further relief as may be fair and reasonable.

Plaintiff's damages exceed of $100,000, but are less than $5,000,000.00.

_____
CHRISTIAN G. MONTROY (MO BAR #57121)
ATTORNEY FOR PLAINTIFFS
412 MISSOURI AVENUE
EAST ST. LOUIS, IL 62201
618/274-0434; FAX: 618/274-8369

CLERK TO ISSUE SUMMONS AS REQUIRED BY LAW