UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BONNIE HARGIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV604 CDP |
| | ) |
| ACCESS CAPITAL FUNDING, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Bonnie Hargis filed a class action petition in Missouri state court against defendants Access Capital Funding, LLC and Webster Bank, N.A., alleging that defendants illegally charged administrative fees in connection with loans. Webster Bank, with Access Capital's consent, filed a notice of removal to this court, alleging both diversity and federal-question jurisdiction. Plaintiff has moved to remand. Because I agree with defendants that this court has jurisdiction under the Class Action Fairness Act, I will deny plaintiff's motion to remand.

On February 20, 2009, Hargis filed a class action petition in the Circuit Court for St. Louis County, Missouri naming Access Capital, a loan provider, and Webster Bank, a national bank, as defendants. Hargis' petition alleges that defendants "illegally charged loan processing fees and administration fees . . . in

connection with a loan." Hargis alleges that Webster Bank charged her a $450 fee and that Access Capital charged her a $200 fee, both in connection with her home mortgage. Hargis alleges that these fees represented the unauthorized practice of law in violation of Mo. Rev. Stat. §484.020. Hargis proposes to represent a class of "all persons who, in connection with a loan or refinancing real property, were charged by Defendant a fee for the practice of law . . . ." Webster Bank removed the case to federal court alleging diversity jurisdiction under the Class Action Fairness Act (CAFA) and federal question jurisdiction under the National Bank Act. Because I find that removal is proper under CAFA, there is no need to discuss whether federal question jurisdiction also exists.

CAFA authorizes removal of putative class actions "commenced" on or after February 18, 2005 if: 1) the amount in controversy exceeds $5,000,000 in the aggregate; 2) the citizenship of at least one member of the proposed class is diverse from any defendant; and 3) the proposed class size is not less than 100. 28 U.S.C. § 1332(d)(2). The second and third requirements for removal under CAFA are met by the allegations in the petition. Diversity of citizenship exists between Hargis, a citizen of Missouri, and defendant Webster Bank, a citizen of Connecticut.[1] The class size requirement is also met by the allegations in the

---

[1] Hargis alleges that Webster Bank "does business in Missouri" and "has its principal place of business" in Connecticut. In its Notice of Removal, Webster alleges that it is a "national bank . . . having its main office in the state of Connecticut." A national bank is a citizen of the state in which its main office is located. 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S.

- 2 -

petition. In her petition, Hargis alleges a class of "all persons" who were charged administrative fees by defendants in connection with a loan. Hargis further alleges that this proposed class "is comprised of thousands of Defendants' customers." This is enough to show that the class has more than 100 members. If the amount in controversy is more than $5 million, removal is proper under CAFA.

To establish diversity jurisdiction in either a CAFA or a non-CAFA case, the removing party must establish that the jurisdictional minimum has been met by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009). Once this has been established, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Id*. Under the preponderance of evidence standard, the question is "not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are. . . ." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). I am satisfied that Webster Bank has established, by a preponderance of the evidence, that the amount in controversy in this case is greater than $5 million.

The allegations in the petition, along with the affidavit of Nitin Mhatre, support an aggregated amount in controversy of over $5 million. Hargis alleges

---

303 (2006) (A national bank is a citizen of the state of its main office, not every state where it has a branch).

that defendant Webster charged her a $450 fee and that defendant Access charged her a $200 fee. Mhatre's affidavit establishes that Webster charged similar fees to approximately 1,000 Missouri residents, and approximately 10,000 non-Missouri residents over the past five years. Because Hargis did not limit her proposed class to Missouri residents, damages based on a nationwide class are appropriate.

As against Webster, factoring in treble damages over a period of five years, the total amount comes to $14,850,000$^2$. As against Access, assuming a class of 2,000 (based on plaintiff's allegation of "thousands"), and for treble damages, the amount comes to $1,200,000$^3$. Together, the claims against Webster and Access total $16,050,000. Webster's calculations are supported by evidence, and I find that a fact-finder might reasonably conclude that the potential damages in this case exceed $5 million.

To support remand, Hargis must show, to a legal certainty, that the $5 million threshold cannot be met. Hargis argues that Mo. Rev. Stat. §484.020 has a two year statute of limitations on the illegal practice of law, and that Webster's calculations are based on a period of five years. Even factoring in the time issue,

---

$^2$1,000 loans in Missouri, multiplied by $450, multiplied by 3 for treble damages comes to $1,350,000. 10,000 loans outside Missouri, multiplied by $450, multiplied by 3 for treble damages comes to $13,500,000. The Missouri and non-Missouri totals added together make $14,850,000, the total as against Webster Bank.

$^3$2,000 loans, multiplied by $200, multiplied by 3 for treble damages comes to $1,200,000, the total amount as against Access.

- 4 -

the amount in controversy would exceed the jurisdictional minimum. Two-fifths of the amount calculated for a five-year period by Webster ($16,050,000) comes to $6,420,000, an amount that exceeds the $5 million threshold. Because defendants have shown, by a preponderance of the evidence, that the amount in controversy exceeds $5 million, and because plaintiff has not shown, to a legal certainty, that this threshold cannot be met, I will deny plaintiff's motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#12] is DENIED.

**IT IS FURTHER ORDERED** that plaintiffs motion for sanctions [#13] is DENIED.

**IT IS FURTHER ORDERED** that defendant Webster Bank's motion for leave to file a sur-reply [#22] is GRANTED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of August, 2009.