UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BONNIE HARGIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV604 CDP |
| | ) | |
| ACCESS CAPITAL FUNDING, | ) | |
| LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

After I granted summary judgment to defendants, plaintiff Bonnie Hargis

filed a motion to alter or amend judgment.  Also pending before me are the

defendants' Bills of Costs.  Hargis' motion asserts that I ignored one of her

arguments and that I should have allowed her to take more discovery.  Because I

fully considered (and rejected) all of the issues she now raises when I made my

initial ruling, I will deny her motion to alter or amend judgment.  After reviewing

the motions for Bill of Costs and Hargis' objections I will award costs to

defendant Webster Bank, N.A. in the amount of $1219.40 and to defendant Access

Capital Funding, LLC in the amount of $913.73.

## I.     Motion to Alter or Amend Judgment

District courts have "broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).  As grounds for her Rule 59(e) motion, Hargis argues that I erroneously failed to take judicial notice of authorities she relied on and that I should have allowed her to undertake additional discovery.  I considered these arguments and rejected them in my October 4, 2010 order granting summary judgment.

Hargis argues that Fed. R. Evid. 201(d) required me to take judicial notice of 12 U.S.C. § 2607(a) of the Real Estate Settlement and Procedures Act, its 1999 and 2001 policy statements,[1] and the preamble to a proposed rule[2] corresponding with the Truth in Lending Act contained in 15 U.S.C. § 1601, et seq.  Rule 201, however, does not require a court to take judicial notice of laws or legislative facts.  *See Qualley v. Clo-Tex Intern. Inc.*, 212 F.3d 1123, 1128 (8th Cir. 2000)

---

[1]*See* Real Estate Settlement Procedures Act Statement of Policy 1999-1 Regarding Lender Payments to Mortgage Brokers, 64 Fed. Reg. 10080 (March 1, 1999); *see also* Real Estate Settlement Procedures Act Statement of Policy 2001-1: Clarification of Statement of Policy 1999-1 Regarding Lender Payments to Mortgage Brokers, and Guidance Concerning Unearned Fees Under Section 8(b), 66 Fed. Reg. 53052 (October 18, 2001).

[2]Truth in Lending, 73 Fed. Reg. 1672, 1698 (Jan. 9, 2008).

(finding a district court erred in using Rule 201 to take judicial notice of legislative facts).

Hargis also asserts that the Federal Register Act, 44 U.S.C. § 1507, made judicial notice of the statements of policy and the preamble to the proposed rule mandatory because both were published in the Federal Register. Under the Act, "the contents of the Federal Register shall be judicially noticed." 44 U.S.C. § 1507. Courts are not, however, required to take judicial notice under the Act of laws that are irrelevant to the proceeding. *United States v. Wolny*, 133 F.3d 758, 765 (10th Cir. 1998).

Hargis argues that I "wholly overlook[ed]" her request for judicial notice. I did not overlook the request or the authorities. I noted her reliance on the varying authorities and cited to Eighth Circuit case law quoting and interpreting the statements of policy. After fully considering the various authorities she cited, I concluded that she has no claim under RESPA or TILA. I also concluded that her claim did not find any support in the RESPA statute, its statements of policy, or the preamble to the proposed rule.

To the extent Hargis attempted to state a claim under RESPA, the claim is barred by the one-year statute of limitations contained in 12 U.S.C. § 2614. The loan that is the subject of this case was made in December 2007 and the complaint

was not filed until February 20, 2009. Hargis conceded that any RESPA claim was time-barred.

Hargis' arguments about the proposed rule and related statements are more complicated, but I fully considered them earlier. The language Hargis cites is not part of the actual text of the proposed rule, the actual text of the final rule, or Regulation Z. Instead, the language only appears in the preamble to the 2008 proposal, the preamble to the 2009 proposal, and the supplemental information before the final rule.[3] Further, the 2008 proposal, as it relates to broker compensation, was withdrawn by the Federal Reserve Board.[4] The final rule – which is still not yet effective – actually contradicts Hargis' arguments.[5]

Most importantly, Hargis' argument that the preamble statement's discussion of the term "Yield Spread Premium" is dispositive of her case is simply wrong. The language Hargis cites does not require banks to calculate a YSP or

---

[3]*See* Truth in Lending, 73 Fed. Reg. 1672 (Jan. 9, 2008) (cited language at 1698, proposed rule starting at 1720); Truth in Lending, 74 Fed. Reg. 43232 (Aug. 26, 2009) (cited language at 43280, proposed rule starting at 43321); Truth in Lending 75 Fed. Reg. 58509 (Sept. 24, 2010) (cited language at 58511, final rule starting at 58533).

[4]Truth in Lending, 73 Fed. Reg. 44522, 44523 (July 30, 2008); *see also* Truth in Lending, 74 Fed. Reg. 43232, 43281(Aug. 26, 2009); *see also* Truth in Lending 75 Fed. Reg. 58509, 58510-11 (Sept. 24, 2010).

[5]*See* Truth in Lending, 74 Fed. Reg. 43232, 43409 (Aug. 26, 2009) ("A yield spread premium disclosed in this manner is not considered to be received by the loan originator directly from the consumer for purposes of § 226.36(d)(2)"); *see also* Truth in Lending 75 Fed. Reg. 58509, 58537 (Sept. 24, 2010) (same).

apply it in any particular way, and it certainly does not change the facts of what happened in this case. Hargis continues to misrepresent the testimony of the witnesses in this case and the documentary evidence. None of the evidenc supported her characterization of her interest rate as "increased." Hargis began with a blended (and adjustable) interest rate of 8.125%, Webster gave her a fixed loan at 6.75% interest, and the interest rate did not change when her loan was sold to Countrywide. Hargis attempts to equate her interest rate to her YSP, but the testimony of the witnesses coupled with the loan documentation show that the two are not the same.

I also continue to reject Hargis' argument that she should have been allowed to conduct further discovery. Hargis spent a great deal of time questioning a witness on the issue of how the interest rate and par rate were calculated and whether Hargis paid the YSP. Contrary to Hargis' argument, the witness answered the questions. Hargis asked to depose another witness because she did not like the answers, not because she had not been allowed discovery on the point.

A Rule 56(f) motion, "'is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir.1997) (quoting *United States v. Light*, 766 F.2d 394, 397 (8th Cir.1985)). The

court will not allow a "fishing expedition" to be undertaken merely because a party "hopes to uncover some possible evidence." *Id.* at 1041. Here, the additional deposition would not have changed things because Hargis was not charged and did not pay the fees or the YSP.

## II. Bill of Costs

Under Rule 54(d)(1), Fed. R. Civ. P., costs are usually allowed to the prevailing party. The specific costs that are recoverable are set out in 28 U.S.C. § 1920 as follows:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Webster seeks taxable costs in the amount of $1794.13, including $350 for fees to the Clerk, $995.65 to the court reporter for transcripts, $436.48 for

printing, and $12 for exemplification and copies. Access seeks $1321.73, including $930.73 to the court reporter and $391 for printing. Hargis objects to some of the costs sought, and I agree with some of her objections.[6]

In the transcript category Webster and Access each included $17 for postage. In addition to the normal transcript fees for the deposition of Kathleen Lowry, Webster included $60 for an electronic copy and $61.25 for a condensed transcript. Access also included $61.25 for a condensed copy. Postage is not a taxable cost. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). Thus, each claim will be reduced by $17. Additionally, a party may not normally recover costs for multiple forms of the same transcript. Although Webster argues that it needed the electronic version in order to file a motion to quash, I believe this nevertheless fits into the category of things obtained for the convenience of counsel, so I will reduce the costs accordingly. Webster and Access Bill of Costs will be reduced by $121.25 and $60, respectively.

In the claim for printing costs, Webster seeks $436.48 for reproduction and $12 on outside copy charges from the Circuit Court of St. Louis County. Access seeks $391 for photocopies. Photocopies of documents "necessarily obtained for

---

[6]The parties have a subsidiary dispute about the timeliness of one another's filings. I am overruling any objections to timeliness and am deciding the issues on the merits.

use in the case," are taxable.  28 U.S.C. § 1920(4).  Any claim for these items as

taxable costs must be documented or itemized in a way that the court can

meaningfully evaluate the request.  *Emmenegger v. Bull Mouse Tube Co.*, 33

F.Supp.2d 1127, 1133-34 (E.D. Mo. 1998); *see also Yaris v. Special Sch. Dist. of

St. Louis County*, 604 F.Supp. 914, 915 (E.D. Mo. 1985).  I agree with Webster

that the $12 it paid for for outside copy charges from the Circuit Court of St. Louis

County were necessary for filing its Notice of Removal.  However, Webster did

not provide an explanation for the additional $436.48 of copies.  And Access has

not responded to Hargis' objections to provided an explanation of its expenses.

As a result, Webster and Access' motions for Bill of Costs will be reduced by

$436.48 and $391, respectively.

 Accordingly,

 **IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend

judgment is DENIED.

 **IT IS FURTHER ORDERED** that Webster's request for costs in defense

of the motion to alter or amend judgment, under 28 U.S.C. § 1927, is DENIED.

 **IT IS FURTHER ORDERED** that defendants' requests for costs under 28

U.S.C. § 1920 are GRANTED in part and DENIED in part as set out above.   The

Clerk shall tax costs in favor of  Webster in the amount of $1219.40 and in favor

of Access in the amount of $913.73.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated the 23rd day of December, 2010.